**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0421-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL J. GREEN,

    Defendant-Appellant.

_____

Submitted February 28, 2018 — Decided June 6, 2018

Before Judges Alvarez and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Salem County, Indictment No. 12-08-0519.

Joseph E. Krakora, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

John T. Lenahan, Salem County Prosecutor, attorney for respondent (David M. Galemba, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Michael Green appeals from the August 4, 2016 Law Division denial of his petition for post-conviction relief (PCR). We affirm.

A jury found defendant guilty of third-degree aggravated assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(2) (count one); fourth-degree tampering with evidence, N.J.S.A. 2C:28-(6)(1) (count three); fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a) (count four); second-degree unlawful possession of a firearm, N.J.S.A. 2C:39-5(b) (count five); third-degree criminal restraint, N.J.S.A. 2C:13-2 (count seven); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b) (count eight). Defendant was acquitted of count two, which charged fourth-degree aggravated assault by pointing a firearm, N.J.S.A. 2C:12-1(b)(4) (count two), and count six, which charged him with second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count six). On June 19, 2013, defendant was sentenced to an aggregate term of nine years, subject to five years of parole ineligibility. On appeal, we affirmed the judgment of conviction. State v. Green, No. A-5751-12 (App. Div. Apr. 9, 2015).

The convictions arose from an incident that occurred at the home of defendant's estranged wife. After unsuccessfully trying to convince the victim to reconcile with him, defendant gained entry into her home by requesting to use the bathroom. Once

2

inside, they argued and defendant blocked the victim from leaving. When the victim tried to escape through an open window, defendant yanked her off the couch by the ankles. She unsuccessfully attempted to call 911 while defendant pulled out clumps of her hair and grabbed her cell phone. As this was happening, she received a text message from a male friend. Defendant ordered the victim to call her friend on speaker phone, which she did. The friend overheard defendant choking the victim because she did not disconnect the call. The friend drove to her apartment and began yelling and kicking the door as defendant grabbed the victim and put a gun to her head. The victim broke free as defendant braced himself against the door, and she tried to escape through a dining room window.

Police responded after receiving a call from the friend's mother. As they approached, they saw the victim leaning out of a first-floor window screaming. Police described the victim as visibly injured, and photographs admitted at trial depicted blood spatters in the victim's kitchen and living room.

A man ran from the back door. Officers chased after him; defendant was arrested in front of his home. Police located a handgun while searching the pathway between the two residences. The victim identified it as defendant's gun.

A-0421-16T3

At trial, defendant testified that he had gone to the residence only to make repairs. When his cell phone rang, the victim answered it and would not return it to him. He said that the victim's friend pulled up in front of the house, came onto the porch, and out of the blue punched him in the back of the head, after which they began wrestling. The victim jumped on his back as he attempted to free himself. He pushed her friend, who ran away. Defendant also said that the victim struck him with her nebulizer, hitting him on the side of his head. When she began to have an asthma attack, he helped her and then walked home.

Defendant argued the issues he raises on appeal, and others, before Judge Linda L. Lawhun. The judge denied the petition, concluding that defendant's points were either not supported by the record, not supported by any "affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification," State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999), not supported by applicable precedent, barred by Rule 3:22-4(a), or barred by Rule 3:22-3.

The judge found no merit in the claim that the failure to call the victim's friend was ineffective assistance of counsel. Based on the information presented at trial, it was likely that his testimony would not be favorable to defendant and his appearance could not be compelled as a material witness anyway.

4

The record did not support defendant's assertion that even if he possessed the gun, the possession was exempted from prosecution by the statute because he possessed it in his home. See N.J.S.A. 2C:39-6(e). Defendant never resided in the victim's home, just occasionally spent the night, and had not done so for some time. Counsel was not ineffective for failing to request such an instruction because no evidence supported it.

Also lacking in merit was defendant's contention that appellate counsel was ineffective for failing to raise denial of the motion for directed verdict with regards to the tampering charge. The judge disagreed that State v. Sharpless, 314 N.J. Super. 440 (App. Div. 1998), compelled or offered any basis for the charge to be given. Here, defendant was charged with more than mere possession of the weapon. He discarded the weapon in order to hide evidence pertaining to the crime of assault. Thus, the judge concluded defendant had not established a prima facie case of ineffective assistance of counsel, and was not entitled to an evidentiary hearing. She also noted that the issues raised by petitioner "could be resolved by reference to the existing record."

On this appeal, defendant argues:

> POINT I — DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING WHERE HE ESTABLISHED PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF

COUNSEL IN THE FAILURE OF TRIAL COUNSEL TO CALL AN ESSENTIAL WITNESS TO TESTIFY AT TRIAL.

POINT II — DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL DUE TO THE FAILURE OF TRIAL COUNSEL TO REQUEST APPROPRIATE JURY INSTRUCTIONS REGARDING THE UNLAWFUL POSSESSION OF A WEAPON CHARGE.

POINT III — DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL DUE TO FAILURE TO ARGUE ERROR IN THE DENIAL OF DEFENDANT'S MOTION FOR A DIRECTED VERDICT OF NOT GUILTY WITH REGARD TO THE TAMPERING WITH WITNESS CHARGE.

We rely on the judge's thorough and detailed decision as the basis for our affirmance. The arguments lack merit. R. 2:11-3(e)(2).

In order to obtain relief based on ineffective assistance grounds, a defendant must show that counsel's alleged deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). For the reasons stated by Judge Lawhun, defendant has failed to meet either the performance or prejudice prongs of the Strickland test. We only comment as to the tampering charge.

In Sharpless, the defendant discarded heroin that he was also charged with possessing. Id. at 459-60. He was charged with tampering, possession, and possession with intent to distribute. In this case, defendant was indicted for assault with a deadly weapon. The State, in order to prove the offense beyond a

reasonable doubt, was required to demonstrate that he caused or attempted to cause bodily injury to the victim with a deadly weapon. Obviously, this is an entirely separate offense. That defendant was also charged with the unlawful possession of the gun does not diminish the significance of the fact that, unlike in Sharpless, this defendant's act of discarding the gun was intended to hinder a non-possessory prosecution. Thus, counsel was not ineffective for seeking a directed verdict on that count, as the law would not have supported the request. Jones v. Barnes, 463 U.S. 745, 751 (1983).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0421-16T3